Marc Van Der Hout (CA Bar #80778)
Johnny Sinodis (California Bar # 290402)
Van Der Hout LLP
360 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Fax: (415) 981-3003
Email: ndca@vblaw.com

Attorney for Plaintiff
John Doe

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| John Doe,<br><br>　　Plaintiff,<br><br>　　v.<br><br>Kristi NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security;<br><br>Todd M. LYONS, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security;<br><br>Moises BECERRA, in his official capacity, Acting Field Office Director of San Francisco Office of Detention and Removal, U.S. Immigrations and Customs Enforcement, U.S. Department of Homeland Security; and<br><br>Donald J. TRUMP, in his official capacity, President of the United States of America;<br><br>　　Defendants. | Case No.: 4:25-cv-03140-DMR<br><br>**DECLARATION OF JOHNNY SINODIS IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br><u>Request for Declaratory and Injunctive Relief</u> |

I, Johnny Sinodis, do hereby declare:

1. I am a partner at Van Der Hout LLP at 360 Post Street, Suite 800, San Francisco, CA 94108. I have personal knowledge of the matters stated herein because I am an attorney for Plaintiff John Doe in these proceedings.

2. On April 7, 2025, Plaintiff's Complaint for Declaratory and Injunctive Relief under the Administrative Procedure Act and the Declaratory Judgment Act was filed with the Court by electronic filing. On April 14, 2025, I caused a copy of the Complaint, as well as all other pleadings, to be received at the office of the United States Attorney at 450 Golden Gate Ave., San Francisco, California 94102. I have also emailed the Office of the U.S. Attorney for the Northern District of California with a copy of the Complaint and all other filed documents.

3. On April 15, 2025, I notified the Office of the U.S. Attorney for the Northern District of California via email that Plaintiff intended to file a Motion for Temporary Restraining Order in this case. I requested the opportunity to discuss this motion and further requested that the government agree not to arrest Plaintiff during the pendency of the litigation regarding the legality of the termination of their SEVIS account.

4. On April 16, 2025, at 9:39 a.m., the U.S. Attorney's Office responded, stating that they could not agree to no arrest Plaintiff at this time.

5. Attached in support of Plaintiff's motion at <u>Exhibit A</u> is a true and correct copy of a temporary restraining order issued by the Honorable Judge Soto from the District Court for the District of Arizona to a plaintiff who is similarly situated to Plaintiff in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of April 2025 at San Francisco, California.

/s/ Johnny Sinodis
Johnny Sinodis
Declarant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Student DOE #2, | No. CV-25-00175-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| Donald J Trump, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Emergency Ex Parte Motion for a Temporary Restraining Order (TRO). (Doc. 2).

Although "very few circumstances justify[] the issuance of an ex parte TRO," *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006), the Court has reviewed the pertinent briefs, record, and authority (*see* Docs. 1 through 6) and finds that Plaintiff has met all the requirements for a TRO. *See* Fed. R. Civ. P. 65(b) (Court may only issue a TRO without notice to the adverse party if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (Plaintiff seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *All. for the Wild*

*Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met.").[1]

In light of the exigent circumstances, the Court issues this necessarily brief Order. Plaintiff's Emergency Ex Parte Motion for a Temporary Restraining Order is **granted** to preserve the status quo until the Court can receive further briefing and hold a hearing on **April 29, 2025 at 10:00 a.m.**[2] The Government shall file a response to Plaintiff's Emergency Motion for a Temporary Restraining Order by no later than **April 21, 2025**, and Plaintiff shall file a reply by no later than **April 24, 2025**.

**IT IS FURTHER ORDERED** as follows:

(a) Defendants are temporarily enjoined for fourteen days from arresting and detaining Plaintiff pending these proceedings, transferring Plaintiff away from the jurisdiction of this District pending these proceedings, or removing Plaintiff from the United States pending these proceedings;

(b) Defendants' actions in terminating Plaintiff's SEVIS record shall have no legal effect and shall not obstruct Plaintiff in continuing to pursue their academic and employment pursuits that Plaintiff is authorized to pursue as an international student in F-1 status.

(c) Plaintiff is not required to give security, *see* Fed. R. Civ. P. 65(c), as this Order

---

[1] Based on the limited information currently before the Court, the record reflects: (a) Plaintiff is a graduate student in lawful F-1 status; (b) Plaintiff is in full compliance with all requirements to lawfully remain in the United States pursuant to their F-1 status; (c) the Government has unlawfully terminated Plaintiff's Student and Exchange Visitor Information System ("SEVIS") record and revoked Plaintiff's F-1 visa in order to arrest, detain, or transfer Plaintiff far from Plaintiff's home, school, employer, and community without any hearing. Accordingly, in light of this record, Plaintiff has satisfied the requirements for a TRO at this very early stage of the litigation.

[2] The Court notes that United States District Judge Martinez is temporary unavailable. As such, United States District Judge Soto has temporarily stepped into this case to handle the pending emergency motion. However, this case remains with Judge Martinez, and Judge Martinez will be presiding over this case going forward (including the hearing set for April 29, 2025).

should not result in any financial damage to Defendants.

      (d) Plaintiff shall serve Defendants with this Order forthwith.[3]

Dated this 15th day of April, 2025.

Honorable James A. Soto
United States District Judge

---

[3] This Order was filed at approximately 3:12 p.m. on April 15, 2025.

- 3 -