UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTI NOEM, TODD M. LYONS, MOISES BECERRA, and DONALD J. TRUMP,<br><br>    Defendants. | Case No. 25-cv-03140-JSW<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE AND HEARING**<br><br>Re: Dkt. No. 9 |

    Now before the Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 65(b) for a temporary restraining order. Defendants are Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"), Todd M. Lyons, in his official capacity as the Acting Director of Immigration and Customs Enforcement ("ICE"), Moises Becerra, in his official capacity as the Acting Field Office Director of the San Francisco ICE Office of Detention and Removal, and Donald J. Trump, in his official capacity as President of the United States (collectively, "the Government").

    Plaintiff asks the Court to temporarily enjoin Defendants from taking any enforcement action against him arising directly or indirectly from the termination of Plaintiff's Student and Exchange Visitor Information Systems ("SEVIS") records and possible revocation of his F-1 visa. The limited record before the Court indicates that Plaintiff is a former international student currently working pursuant to post-graduate employment authorization in this District. (Compl., ¶

15.)[1]  He has been present in the United States on an F-1 visa and is married to a United States citizen.  (*Id.* ¶ 40.)  Plaintiff argues he "set to change status" on June 28, 2025.  (Mot. at 4.)  On March 28, 2025, Plaintiff received a notice from his graduate school that his SEVIS status was terminated.  The reason cited was failure to maintain status based on a criminal records check.  (*Id.* ¶¶ 34-35.)  Plaintiff acknowledges a minor misdemeanor conviction but alleges it was not for a crime of violence and did not carry a potential sentence of more than one year.  (*Id.* ¶ 38.)[2]

Plaintiff's counsel indicates that has been corresponding with the Office of the United States Attorney about this matter and the pending motion.  Counsel requested that the Government agree not to arrest Plaintiff pending resolution of this litigation.  The Government did not agree.  (Mot. at 6.)

Although "very few circumstances" justify the issuance of an *ex parte* temporary restraining order ("TRO"), based on the Court's review of Plaintiff's motion, allegations in the complaint, and relevant authorities, it finds that Plaintiff has met the requirement for an emergency *ex parte* TRO at this time.  *See* Fed. R. Civ. P. 65(b) (Court may only issue a TRO without notice to the adverse party is (1) "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.")

A plaintiff seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (holding that, in the Ninth Circuit, "serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the W*inter* test are also met").  Where, as here, the

---

[1]  Plaintiff separately seeks to proceed under a pseudonym.  (Dkt. No. 2.)

[2]  Pursuant to 8 C.F.R. section 214.1(g), only a crime of violence and for which a sentence of more than one year imprisonment may be imposed constitutes a failure to maintain status.

2

1    Government is a party, the last two factors merge. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d
2    1073, 1092 (9th Cir. 2014).
3           The Court is satisfied that Plaintiff has shown a likelihood of success and at the very least
4    has shown serious questions going to the merits of his claim under the Administrative Procedure
5    Act. Plaintiff alleges that "ICE takes the position that the termination of a SEVIS record
6    effectively ends F-1 student status." (Compl. ¶ 4.) Plaintiff argues the termination is a final
7    agency action for purposes of the APA. *See, e.g., Fang v. Director U.S. Immigration & Customs
8    Enforcement,* 935 F.3d 172, 185 (3rd Cir. 2019) (holding that order terminating F-1 visa status
9    was final agency action for jurisdictional purposes). Plaintiff alleges that he had advised ICE of
10   the conviction. Based on the current record, none of the grounds on which Defendants relied to
11   terminate his SEVIS status comport with 8 C.F.R. § 814.1(d). *See, e.g., Roe v. Noem*, No. CV 25-
12   40-BU-DLC, 2025 WL 1114694, at *3 (D. Mont. April 15, 2025) (granting TRO on APA claim
13   on similar facts: student alleged DHS unlawfully terminated F1-status in SEVIS system and cited
14   reasons did not comport with statutory or regulatory requirements); *Isserdasani v. Noem*, No. 25-
15   cv-283-WMC, 2025 WL 1118626 (W.D. Wis. April 15, 2025) (same).
16          The Court also concludes Plaintiff has shown the likelihood of irreparable harm absent
17   relief. Plaintiff alleges that his spouse "struggles with serious mental health issues and … is the
18   primary caretaker for a family member suffering from serious illness." (Compl., ¶ 40.) He argues
19   that if he was "arrested and incarcerated in an immigration jail as a result of ICE's [] termination
20   of their SEVIS record, Plaintiff and their U.S. citizen spouse would suffer even further
21   excruciating mental, emotional, and financial harm." (*Id.*) The Court's conclusion on this factor
22   is further supported by the Government's refusal not to arrest Plaintiff in the interim.
23          Given the limited scope of this TRO, the serious consequences that could befall Plaintiff,
24   and because "the public interest is served by compliance with the APA,"[3] the Court concludes the
25   final two *Winter* factors weigh in favor of granting the TRO. Finally, under the circumstances of
26   this case and because the TRO should not result in any financial damage to Defendants, the Court

---

[3]    *East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021) (cleaned up).

waives the requirement that Plaintiff give an amount of security.

Accordingly, the Court GRANTS Plaintiff's motion for a TRO to preserve the status quo pending further briefing and a fulsome hearing on this matter.  The Court shall hold an in-person hearing on Friday, April 25, 2025, at 9:00 a.m.  Defendants shall file a response to Plaintiff's motion by no later than April 21, 2025, at 11:00 a.m.  Plaintiff shall file a reply by no later than April 23, 2025, at 11:00 a.m.

IT IS FURTHER ORDERED as follows:

(1) Defendants are enjoined for 14 days from arresting and incarcerating Plaintiff pending resolution of these proceedings.  5 U.S.C. § 705; and

(2) Defendants are enjoined for 14 days from transferring Plaintiff outside the jurisdiction of this District pending the resolution of these proceedings. 5 U.S.C. § 705; and

(3) The parties are ordered to redact or file any information identifying Plaintiff under seal; and

(4) Defendants' counsel are prohibited from sharing any information about Plaintiff's identity or related personal information beyond what is reasonably necessary for the litigation (including to comply with Court orders) and to prohibit use of the information for any purpose outside of the litigation; and

(5) Plaintiff shall serve Defendants with this Order forthwith and provide proof of service on the docket by no later than April 17, 2025, by 1:00 p.m.

**IT IS SO ORDERED.**

Dated:  April 17, 2025 at 9:27 a.m.

_____
JEFFREY S. WHITE
United States District Judge

4