UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF TENTATIVE RULING AND**

**QUESTIONS FOR MOTIONS TO STAY PENDING APPEAL**

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-03140-JSW<br><br>Dkt. No. 81 |
| S.Y., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTIN NOEM, *et al.*,<br><br>　　　　Defendants. | Case No. 25-cv-03244-JSW<br><br>Dkt. No. 61 |
| ZHUOER CHEN, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　Defendants. | Case No. 25-cv-03292-JSW<br><br>Dkt. No. 68 |

1

|   |   |
|---|---|
| W.B.,<br>　　　　Plaintiff,<br>　　v.<br>KRISTI NOEM, *et al.*,<br>　　　　Defendants. | Case No. 25-cv-03407-JSW<br><br>Dkt. No. 47 |
| J.C., *et al.*,<br>　　　　Plaintiffs,<br>　　v.<br>KRISTI NOEM, *et al.*,<br>　　　　Defendants. | Case No. 25-cv-03502-JSW<br><br>Dkt. No. 50 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING NOTICE OF TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON May 14, 2025, AT 9:00 a.m.  The parties should not simply reargue matters addressed in their briefs and shall not file written responses to this Notice of Tentative Ruling and Questions.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to file a notice listing those authorities, with pin cites and without argument, by no later than 7:30 p.m. on August 21, 2025.  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The Court will make exceptions only for authority decided after that deadline.  *Cf.* N.D. Civil Local Rule 7-3(d).  The Court will call these cases together, and the parties will have the opportunity to address any facts or circumstances that may be unique to their case during the argument.

　　　　The Court is tentatively inclined to stay the universal scope of its injunction and to modify the arrest, incarceration, and transfer provisions as suggested by Plaintiffs.  Because the Court did not permit written replies, Defendants may also respond to arguments in Plaintiffs' opposition that are not covered by the questions that follow.

1. Defendants rely on *Trump v. CASA*, 606 U.S. --, 145 S.Ct. 2540, 2561-62 (2025) to argue they are likely to succeed on the merits of their argument that the Court was not authorized to issue a universal injunction. The Supreme Court "explicitly declined to extend its holding to the APA context[.]" *Immigrant Defs. Law Ctr. v. Noem*, -- F.4th --, 2025 WL 2080742, at *15 (9thc Cir. July 18, 2025). In *Immigrant Defenders*, the court granted the government's motion to stay the nationwide scope of a stay issued pursuant to 5 U.S.C. section 705, reasoning that the *CASA* court's "complete-relief principle for crafting injunctive relief provides some useful guidance for crafting interim relief in this case." *Id.*

   a. In light of the Ninth Circuit's stance in *Immigrant Defenders*, what is Plaintiffs' best argument that the Court should not grant Defendants' motion to stay the universal scope of the injunction?

   b. How do Defendants respond to Plaintiffs' argument that the full scope of the injunction is the only way to set effectively stay and preserve the status and rights that existed prior to the agency action at issue?

2. How do Defendants respond to Plaintiffs' proposal regarding modifications to the "arrest and incarceration" provision of the injunction? Do Plaintiffs oppose similar modifications to the provision precluding transfer of Plaintiffs outside the jurisdiction of their residence? If yes, on what basis?

3. If the Court stands by its tentative ruling, do Defendants contend they still would be irreparably harmed in the absence of a stay? If so, on what basis?

4. Why should the Court consider Defendants' argument regarding 8 U.S.C. section 1252(f) when they did not raise that argument in opposing the motions for preliminary injunctions?

**IT IS SO ORDERED.**

Dated: August 21, 2025

_____
JEFFREY S. WHITE
United States District Judge